IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Patsy H. Cundiff, | ) | C/A No. 4:22-cv-4683-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Secretary of Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] (DE 17.) On December 28, 2022, Plaintiff Patsy H. Cundiff ("Plaintiff" or "Cundiff"), proceeding *pro se* filed an action concerning Medicare. (DE 1.) The Magistrate Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Accordingly, the Magistrate Judge conducted a pre-screening of this matter and, on January 5, 2023, issued a Proper Form Order giving Cundiff 21 days to comply or the case may be dismissed for failure to prosecute and failure to comply with an order of the court under Fed. R. Civ. P. 41. Plaintiff did not file a response. (DE 11.) Thereafter, on February 8, 2023, the Magistrate Judge filed the Report recommending the action be dismissed without prejudice for failure to prosecute

---

[1]   The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

pursuant to Fed. R. Civ. P. 41 because Cundiff failed to respond to the Proper Form Order. (DE 17.) On February 17, 2023, Cundiff filed a response letter stating, "I have never filed before, I have this address over 2 yrs. This stuff is hard for me to understand. Either you owe me or you don't, its as simple as 1, 2, 3. I've had so much sickness, don't know which one your talking about. 3 surgeries in 2021, 1 in 2022. Also plenty other stuff." (DE 20.)

Although Cundiff's response is not a formal objection, because Petitioner is a *pro se* litigant and her filings are accorded liberal construction, see, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Court will treat her response as an objection. However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

To the extent Cundiff's response constitutes a specific objection, after a de novo review, the Court finds Cundiff's response does not comply with the Proper Form Order (DE 11), and Cundiff has failed to prosecute this matter, thus warranting dismissal pursuant to Fed. R. Civ. P.

41. Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that this action is dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 3, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.